**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JASON JEFFERSON

    Plaintiff,

v.

WAYNE STATE UNIVERSITY POLICE
DEPARTMENT, WAYNE STATE
UNIVERSITY, OFFICER GREG FENECH,
OFFICE VAL GUERRIERO, in their
individual and official capacities, jointly and
severely.

    Defendant.
_____/

Case No. 18-12811

Honorable Nancy G. Edmunds

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE [25]

Pending before the Court is Plaintiff's motion for leave to amend his complaint. (ECF No. 25.) Plaintiff seeks the Court's permission to amend his complaint to add three additional defendants. Defendants oppose the motion. On January 14, 2020, the Court held a hearing in connection with the motion. Having given due consideration to the entire record in this matter, the Court finds the motion should be **GRANTED**.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "should [be] freely give[n] ... when justice so requires." The thrust of Rule 15 is to reinforce the principle that cases "should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). In the absence of a reason to deny leave to amend, the general rule that it be freely given "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

1

The decision as to whether justice requires the amendment is committed to the Court's discretion. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Factors relevant to the Court's decision include "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Head v. Jellico Housing Authority*, 870 F.2d 1117,1123 (6th Cir. 1989) (quoting *Hageman v. Signal L.P. Glass, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

Delay in filing, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). "At some point, however, delay will become undue, placing an unwanted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party." *Id.* (quoting *Adams v. Gould*, 739 F.2d 858, 863 (3d Cir. 1984)). In determining whether an amendment is prejudicial, the Court considers whether it would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] significantly delay the resolution of the dispute." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

Plaintiff filed its motion seeking leave to amend his first amended complaint on December 09, 2019—the same date discovery in this case closed.[1] Plaintiff claims that on November 21, 2019, during his own deposition, he discovered for the first time the identity of the proposed additional defendants. However, as Defendants point out, the record indicates that Plaintiff knew or at least should have known the identity of the proposed additional defendants several months ago. The officers which Plaintiff now seeks to add as defendants were all identified in Defendants' initial disclosures. And

---

[1] August 19, 2019 was the original cutoff date for discovery, but the parties twice agreed to extend the discovery period.

based on the deposition testimony, it seems that Plaintiff would have known his complaint failed to identify and include at least Officer Gherasim had Plaintiff's counsel simply showed a copy of the complaint to Plaintiff for review.[2] The record also indicates that Plaintiff has not exercised diligence in pursuing discovery in this case.

Based on the circumstances, the Court recognizes that it would likely be within its sound discretion to deny Plaintiff's request for leave. However, the Court finds that granting Plaintiff leave to amend his complaint will not create significant undue delay or significant undue prejudice against Defendants. The facts relevant to Plaintiff's first amended complaint and the proposed amendment are essentially the same. The proposed amendment should not significantly change either party's theory of the case, nor should it significantly increase existing discovery efforts. And, granting the motion will allow this case to proceed on the merits. Moreover, Defendants do not sufficiently establish that the proposed amendment would be futile.[3]

Accordingly, the Court will permit Plaintiff to file his amended complaint by February 7, 2020. The parties shall have an additional 60 days from the date of this order to conduct discovery. The parties are directed to submit an agreed order extending the case schedule accordingly. No additional extensions of the discovery deadline will be extended to Plaintiff absent an extreme showing of good cause.

---

[2] At the hearing, Plaintiff's counsel stated that Plaintiff reviewed the complaint prior to its filing, but that it was not until he saw Officer Fenech's face at his deposition that he realized certain allegations in the complaint were incorrect.

[3] This is not to say that the Court believes Plaintiff's claims against the proposed additional defendants have merit or that Plaintiff has stated viable claims for relief against any of the Defendants. Rather, the Court finds Defendants did not affirmatively demonstrate that the proposed amendments are futile. Nothing in this order should be construed as limiting Defendants' ability to challenge the viability of Plaintiff's claims by separate motion in accordance with the Federal Rules of Civil Procedure.

**SO ORDERED.**

                                        s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

Dated: January 29, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 29, 2020, by electronic and/or ordinary mail.

                                        s/Lisa Bartlett
                                        Case Manager