UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON JEFFERSON,

    Plaintiff,

v.

OFFICER GREG FENECH, *et. al.*

    Defendants.
_____/

Case No. 18-12811

Honorable Nancy G. Edmunds

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [33]

Pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and alternatively, motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 33.) Plaintiff opposes the motion. The Court has reviewed the record in its entirety and finds that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motion will be decided on the briefs and without oral argument. And for the reasons set forth below set forth below, Defendants' motion to dismiss is **GRANTED**.

### I.    Background

In this lawsuit, Plaintiff accuses five Wayne State University police officers of various violations and misconduct related to two separate incidents involving Plaintiff. The Defendant officers are Officer Greg Fenech, Officer Val Guerriero, Officer Chris Powell, Officer Julian Gherasim, and Sergeant Robert Barron.

1

In his complaint, Plaintiff provides the following description of events giving rise to his claims. According to the complaint, on September 9, 2015, Plaintiff was operating his vehicle near Lysander and Trumbull in the City of Detroit, Wayne County, Michigan. Officer Fenech was on patrol in the area of Lysander and Trumbull in his squad car with lights off. Officer Fenech allegedly observed an accident between Plaintiff and another vehicle in a nearby parking lot. After both vehicles left the parking lot, Officer Fenech decided to conduct a traffic stop, pulled behind the other vehicle and instructed it to pull over. After brief conversation with the driver, Officer Fenech returned to his vehicle and dispatched other officers to aid in pursuing Plaintiff's vehicle to conduct an investigatory stop. When Officer Fenech located Plaintiff's vehicle, he immediately activated his lights and siren and pulled over Plaintiff.

Plaintiff claims that after Plaintiff was pulled over, Officer Fenech immediately exited his car, drew his gun, and demanded Plaintiff to exit his vehicle. While Plaintiff was still inside his vehicle, Officers Val Guerriero and Joseph Vadnais[1] arrived at the scene. Plaintiff alleges he asked Officer Fenech why he pulled him over, requested a supervisor for safety reasons, and informed Officer Fenech that he was unable to exit his vehicle because he was disabled. According to Plaintiff, Officer Fenech ignored Plaintiff's requests and continued to insist that Plaintiff exit his vehicle. And when Plaintiff refused to comply, Officer Fenech

---

[1] Officer Vadnais is not a Defendant in this action.

2

allegedly broke the driver's side window of Plaintiff's vehicle, grabbed Plaintiff, and with assistance from Officer Vadnais, pulled Plaintiff through the driver's door. Plaintiff claims that although he was caught in the vehicle due to a leg amputation and an artificial leg, Officer Fenech and Officer Vadnais continued to tug and pull Plaintiff.

Once Plaintiff was removed from his vehicle, he was handcuffed by Officer Fenech and dragged to Officer Fenech's car. According to the complaint, after Plaintiff had been detained, Defendant Sergeant Barron arrived at the scene. Plaintiff alleges that he was then taken to Wayne State University Police Precinct, booked, and eventually released. Plaintiff does not allege any specific injuries that occurred as a result of this incident.

Approximately eighteen months later, on March 1, 2017, Defendant Officer Powell, the investigating officer from the first incident, obtained a warrant for Plaintiff's arrest. The warrant was related to the September 2015 traffic stop and included a charge for obstructing, resisting, and assaulting a police officer and charges related to the alleged possession of marijuana. Plaintiff asserts he was not actually charged on these counts at the time of his arrest. And according to Plaintiff, Officer Powell lacked probably cause to obtain the arrest warrant.

On or about March 17, 2017, Plaintiff claims he was on his way to a store when he allegedly was approached by Defendant Gherasim and "other officers." Plaintiff was sitting in his vehicle when the officers approached him. According to

3

Plaintiff, the officers questioned him about his lack of cooperation in an unrelated investigation of a murdered Wayne State Police Officer, Collin Rose.

Plaintiff alleges that Defendant Officer Gherarsim began forcing Plaintiff out of his vehicle, without advising Plaintiff why he was being placed under arrest. While being removed from his vehicle, Plaintiff claims he told the officers that he was an amputee and needed medical attention for his amputated leg. According to the complaint, the officers took Plaintiff to Detroit Receiving Hospital, but he was "taken to jail prior to getting any medications refilled." Plaintiff's alleges he was detained for approximately four days and was not immediately given his medications, including antibiotics, which caused his infection "to be exacerbated."[2]

On April 10, 2017, Plaintiff claims he was prosecuted for the charges giving rise to his arrest. He states that Count I for resisting arrest was dismissed at the probable cause hearing. And he states that on July 17, 2017, Counts II and III were dismissed in the "best interest of justice."

On September 10, 2018, Plaintiff initiated this action against the Wayne State University Police Department, Wayne State University, Officer Greg Fenech, and Officer Val Guerriero. (ECF No. 1.) On February 13, 2019, per the agreement of the parties, Plaintiff filed an amended complaint that dismissed Wayne State University and the Wayne State University Police Department as Defendants. On February 7, 2020, after seeking leave of this Court, Plaintiff filed his Second

---

[2] Other than the exacerbation of his infection, Plaintiff does not allege with specificity any other physical injury he suffered as a result of either incident.

Amended Complaint, which added Officer Chris Powell, Officer Julian Gherasim, and Sergeant Robert Barron as Defendants. (*See* ECF Nos. 29, 30.)

In his Second Amended Complaint, Plaintiff asserts seven claims against the five Defendant police officers in both their individual and official capacities. The claims are: "Gross Negligence/Negligence" under Michigan law (Count I); "Intentional and/or Negligent Inflection of Emotional Distress" under Michigan law (Count II); "Malicious Prosecution" under Michigan law (Count III); "False Imprisonment/False Arrest" under Michigan law (Count IV); a 42 U.S.C § 1983 claim for unspecified due process violations (Count V); a 42 U.S.C § 1983 claim for unlawful arrest and excessive force (Count VI); and a 42 U.S.C § 1983 claim for malicious prosecution and abuse of process (Count VII). The claims are asserted collectively against Defendants. None of the Defendant Officers are identified by name in connection with any of these counts. Rather, the only individual references to the officers are included in the "General Allegations" section of Plaintiff's complaint.

On March 5, 2020, Defendants moved to dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). In their motion, Defendants argue the complaint fails to include sufficient factual allegations to establish plausible claims for relief against officer. Defendants alternatively seek partial summary judgment under Rule 56, arguing that: (1) Plaintiff's claims against the officers in their official capacities are barred by Eleventh Amendment immunity; (2) Plaintiff's claims against officers Powell and

5

Gherasim are barred by qualified immunity; and (3) Plaintiff's claims against officer Barron are barred by the statute of limitations. Defendants' motion has been fully briefed by the parties and is ripe for consideration by the Court.

## II. Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Supreme Court clarified the concept of "plausibility" in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556, 127 S.Ct. 1955. The plausibility

>  standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557, 127 S.Ct. 1955 (brackets omitted).

*Id.* at 678, 129 S.Ct. 1937. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527.

### III. Analysis

Defendants contend Plaintiff's claims should be dismissed because he fails to state plausible claims for relief against each Defendant. More specifically, Defendants highlight Plaintiff's use of "group pleading" and his general references to "Defendants" collectively throughout the complaint to argue that the complaint lacks sufficient factual allegations against each Defendant to satisfy the *Twombly/Iqbal* pleading standard. According to Defendants, to survive a motion to dismiss, Plaintiff must plead specific factual allegations establishing each Defendant's actionable conduct for each claim asserted in the complaint.

In response, Plaintiff acknowledges his use of group pleading and that he does not describe specific actionable conduct committed by each Defendant in the claims section of his complaint. He argues, however, that the background section

7

of the complaint includes sufficient factual allegations to put each officer on notice of their actionable misconduct in connection with each of Plaintiff's seven claims.

The Court begins its analysis with the understanding that it must "construe the complaint in the light most favorable to the plaintiff, accept [his] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *See Directv, Inc.*, 487 F.3d at 476 (6th Cir. 2007).  However, in the Sixth Circuit, grouping all defendants together collectively and providing no factual basis to distinguish each defendants' conduct does not satisfy the *Twombly/Iqbal* fair notice pleading standard. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012) (affirming dismissal of claims against officers where complaint made only categorical references to "defendants" collectively). *See also Campbell v. Worthy*, No. 12-CV-11496, 2013 WL 2446287, at *2 (E.D. Mich. June 5, 2013) (discussing *Marcilis* and dismissing claims against police officers where the plaintiff failed to plead sufficient factual allegations against each officer).

Generally, the complaint should allege with particularity facts that demonstrate what each defendant did to violate the rights at issue. *Id.; see Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)  ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.").  Otherwise it is impossible to ascertain what particular acts each Defendant is alleged to have committed or the basis for imposing liability against each Defendant. *Id.*

8

Here, Defendants are referred to collectively as "Defendants" in each of the seven claims asserted by Plaintiff. And while each Defendant officer is identified by name in the background section of the complaint, the Court agrees with Defendants that Plaintiff does not assert sufficient factual allegations to establish what each Defendant is accused of doing to violate the applicable state and/or federal law in connection with each claim. In other words, the complaint makes only categorial references to "Defendants" but does not include specific allegations describing what each Defendant allegedly did to violate the asserted right at issue in connection with each discrete claim. And Plaintiff's particular grouping of the officers together renders his generalized allegations both vague and ambiguous.

In addition to the issue of referring to Defendants collectively, the Court finds the factual allegations in the background section of the complaint are not sufficient to establish the elements of each claim against each individual defendant. For example, to prevail on his state law claim for intentional infliction of emotional distress, Plaintiff must plead and prove the following elements: "(1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress." *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594, 602 (1985). In his complaint here, Plaintiff combines claims for intentional and negligent infliction of emotional distress and alleges the following:

## COUNT II

## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

9

>  44. That Plaintiff repeats and realleges each and every paragraph of this Complaint as though fully set forth herein verbatim.
>
>  45. That Plaintiff sustained psychological, mental and emotional injury as a result of the actions by the Defendants, including failure to protect, assault and battery, malicious prosecution, unlawful seizure and violation of due process described herein.
>
>  46. That the acts complained of herein constitute grossly negligent infliction and/or negligent infliction of emotional distress upon Plaintiff.
>
>  WHEREFORE, Plaintiff claims actual damages against Defendants in an amount of Two Hundred Fifty Thousand ($250,000.00) Dollars or whatever amount they are found to be entitled, together with costs, interest and attorney fees.

There are no factual allegations establishing that any Defendant acted intentionally. There are no factual allegations establishing that any Defendant engaged in extreme or outrageous conduct. And there are no factual allegations establishing that Plaintiff suffered severe emotional distress as a result of such outrageous conduct. This type of barebones pleading, that not only lacks sufficient factual allegations to establish the actionable conduct of each Defendant, but also fails to include sufficient factual allegations to establish the basic elements of the claim, does not pass muster under *Twombly* and *Iqbal*. *See Twombly*, 550 U.S. at 545 ("[A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.").

And this same issue plagues all of Plaintiff's claims. Plaintiff fails to provide sufficient factual allegations to establish the basic elements of each of his seven claims. He also fails to provide sufficient factual allegations to establish each claim against each Defendant. For these reasons, the Court agrees with Defendants that Plaintiff's complaint should be dismissed under Federal Rule of Procedure 12(b)(6).[3]

## IV. Conclusion

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED** and Plaintiff's claims are hereby dismissed.

  **SO ORDERED.**

            s/Nancy G. Edmunds
            Nancy G. Edmunds
            United States District Judge

Dated: December 15, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 15, 2020, by electronic and/or ordinary mail.

            s/Lisa Bartlett
            Case Manager

---

[3] Because the Court finds that Plaintiff's complaint should be dismissed in its entirety under Federal Rule of Civil Procedure 12(b)(6), the Court declines at this time to resolve the issues raised by Defendants for consideration on partial summary judgment under Federal Rule of Civil Procedure 56.